## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| USI SOUTHWEST, INC., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL NO. 3:22-cv-02161 |
| | § | |
| HUB INTERNATIONAL INSURANCE | § | |
| SERVICES, INC., | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT HUB INTERNATIONAL INSURANCE SERVICES, INC.'S
### NOTICE OF REMOVAL

Defendant HUB International Insurance Services, Inc. ("**HUB**") files this Notice of Removal of this action from the District Court in the 193rd Judicial District, Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, the district and division in which the 193rd Judicial District Court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, HUB shows this Court as follows:

1.      Plaintiff USI Southwest, Inc. ("**Plaintiff**") commenced an action against HUB in the District Court for the 193rd Judicial District, Dallas County, Texas, entitled *USI Southwest, Inc. v. HUB International Insurance Services, Inc.*, pending as Cause No. DC-22-10234 (the "**State Court Case**").

2.      On August 31, 2022, HUB was served with Plaintiff's Verified Original Petition in the State Court Case.

3.      Removal is timely because thirty (30) days have not elapsed since Defendant HUB was served with Plaintiff's Original Petition, as required by 28 U.S.C. § 1446(b).

4.      A copy of this Notice of Removal will be filed with the State of Texas Judicial District Court, in Dallas County, and a copy of this Notice of Removal will also be served on the Plaintiffs. HUB is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal with the clerk of the 193rd Judicial District Court of Dallas County, Texas.

5.      In accordance with Local Rule 81.1, an index of all documents filed in the State Court Case, a copy of the docket sheet in the State Court Case, each document filed in the State Court Case, and a separately signed certificate of interested parties are attached hereto as **Exhibits A-D.**

6.      Plaintiff has requested trial by jury in the State Court Case.

7.      HUB has filed contemporaneously with this Notice a civil cover sheet and a supplemental civil cover sheet.

## Ground for Removal:  Diversity

8.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75,000 and is between citizens of different States.

A.      The amount in controversy exceeds the federal minimum jurisdictional requirements.

9.      Plaintiff's Verified Original Petition in the State Court Case contends that it is owed money due to a Brokerage Agreement between the parties.  *See* Petition (**Exhibit C-1**) at 2-3. Plaintiff alleges in its Verified Original Petition that seeks monetary relief over $250,000 but less than 1,000,000.  *See id.* at 1. More specifically, Plaintiff contends in its Verified Original Petition that it is entitled to recover $479,505.88.  *See id.* at 8.  Thus, the amount in dispute exceeds $75,000, exclusive of interest and costs.

B.     There is complete diversity between Plaintiffs and all Defendants who have been properly joined and served.

10.     Under the diversity statute, corporations "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332(c)(1).

11.     Plaintiff was at the time of the filing of this action, and has been at all times since, and still is a corporation organized under the laws of Texas with its principal place of business in Texas.  Accordingly, Plaintiff is a citizen of Texas for the purposes of jurisdiction.

12.     HUB is a corporation organized under the laws of California, with its principal place of business in California.  Accordingly, HUB is a citizen of California for the purposes of jurisdiction.

13.     For the reasons stated herein above, complete diversity exists between Plaintiff and HUB.

C.     The Brokerage Agreement between the parties does not prohibit removal to federal court.

14.     The Brokerage Agreement that is made the basis of this lawsuit does not preclude HUB from removing the State Court Lawsuit to this federal court. Specifically, the Brokerage Agreement provides, in relevant part, as follows:

(f)     Governing Law. Venue. This Agreement will be governed by, and construed in accordance with, the substantive laws of the State of Texas, without regard to its choice of law rules. The parties consent to exclusive venue and personal jurisdiction in *any federal or state court located in Dallas, Texas*.[1]

15.     As explained by the Fifth Circuit, a venue clause in a contract only serves as a waiver of a parties right to remove a lawsuit to federal court if the clause makes explicitly clear that only venue in state court is permissible. *See City of New Orleans v. Municipal Admin.*

---
[1]

*Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). Here, the Brokerage Agreement allows for venue in either state or federal court in Dallas County, and HUB seeks to remove this lawsuit to federal court in the Dallas Division of the Northern District of Texas, which sits in Dallas County.

WHEREFORE, Defendant HUB International Insurance Services, Inc. prays that the above-described action now pending in the 193rd District Court in Dallas County, Texas, be removed to this Court.

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT
State Bar No. 21781900
JONATHAN A. LAUTIN
State Bar No. 24092669
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
jlautin@qslwm.com

**ATTORNEYS FOR DEFENDANT HUB
INTERNATIONAL INSURANCE SERVICES,
INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon all counsel of record via electronic mail and CMRRR mail in accordance with the Federal Rules of Civil Procedure on this 29th day of September, 2022.

Thomas B. Alleman
Dykema Gossett PLLC
1717 Main, Suite 4200
Dallas, Texas 75201
talleman@dykema.com

*/s/ Jonathan A. Lautin*
JONATHAN A. LAUTIN