1 CIT-ESERVE

Case 3:22-cv-02161-S   Document 1-3   Filed 09/29/22   Page 1 of 20   PageID 10

FILED
8/16/2022 1:34 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

DC-22-10234

CASE NO. _____

| | | |
|---|---|---|
| USI SOUTHWEST INC. | ) | IN THE DISTRICT COURT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HUB INTERNATIONAL INSURANCE SERVICES, INC. | ) ) | |
| 3390 University Avenue, Suite 300 | ) | DALLAS COUNTY, TEXAS |
| Riverside, California 92501-3315 | ) | |
| | ) | |
| (SERVE:   Corporation Service Corp. | ) | |
| dba CSC-Lawyers Inc. | ) | |
| 211 East 7th Street | ) | 193rd |
| Suite 620 | ) | |
| Austin, Texas 78701) | ) | |
| | ) | |
| Defendant. | ) | \_\_\_\_\_TH JUDICIAL DISTRICT |

PLAINTIFF'S VERIFIED ORIGINAL PETITION

For its Original Petition, Plaintiff USI Southwest, Inc. ["USI"] states:

1.  **Rule 47 Disclosure.**

    1.  Pursuant to Rule 47(c)(3), TEX. R. CIV. P., USI states that it seeks monetary relief over $250,000 but less than $1,000,000 in this action.

2.  **Discovery plan.**

    2.  Plaintiff requests that discovery be conducted at Level 2, Rule 190.3, TEX. R. CIV. P.

3.  **Jurisdiction and venue.**

    3.  Plaintiff is a Texas corporation in good standing with offices located in Houston, Harris County, Texas, and Dallas, Dallas County, Texas.

PLAINTIFF'S ORIGINAL PETITION

EXHIBIT
C-1

Page 1

4. Defendant is a California corporation in good standing authorized to conduct business in the state of Texas whose principal office is located at 3390 University Avenue, Suite 300, Riverside, California 92501. Defendant may be served by delivering a copy of this Petition and citation to its registered agent, Corporation Service Corp. dba CSC-Lawyers Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701. Plaintiff requests that citation be issued.

5. This Court may exercise personal jurisdiction over Defendant pursuant to § 17.042(1) and (2), TEX. CIV. PRAC. & REM. CODE, because as described below, this matter involves a contract with a Texas resident to be performed in whole or part in Texas and because Defendant committed a tort in whole or part in the state of Texas. In addition, in paragraph 10(c) of the Brokerage Agreement discussed in this Original Petition, Defendant has consented to personal jurisdiction of federal and state courts in Dallas County, Texas.

6. Venue is properly laid in this Court because the parties agreed in paragraph 10(c) of the Brokerage Agreement discussed in this Original Petition that disputes between them concerning the contract described below would be heard in Dallas County, Texas, and independently a substantial part of the events or omissions giving rise to the claim occurred.

4. **Facts common to all counts.**

7. In August 2020, USI entered into a Brokerage Agreement under which HUB received authority to submit accounts or risks to USI for the purpose of procuring insurance coverage on behalf of certain insureds. Under the Brokerage

Agreement, once USI placed insurance for insureds submitted by HUB, USI became the owner of the business, the expirations, and all gross premiums generated by the business, whether or not those premiums were collected.

8. In addition, the Brokerage Agreement between also contained the following term:

> The Broker shall timely pay to the Company, and hereby guarantees payment to the Company of, all premiums and taxes, if any, due with respect to policies of insurance placed by the Company on behalf of an Insured, whether or not the Broker collects such premiums or taxes from such Insured, including but not limited to any adjustable premiums or additional premiums developed by audit. Any credit extended to any Insured shall be the sole risk and responsibility of the Broker. The Company may, at its sole option and in its sole discretion, satisfy any such amount owed to it by reducing the commissions otherwise owed by the Company to the Broker hereunder.

9. After execution of the Brokerage Agreement, HUB submitted two applications for insurance for MNM Lilac Investments or affiliated entities, both of which were placed by USI resulting in the issuance of policy YACL9L454426030 and Liberty Mutual Insurance Co. policyYACL9L454426041.

10. During the effective period of each policy, HUB requested various changes to each policy, sometimes to add locations or increase valuation of covered property, and other times to remove locations. In response to HUB's requests, USI obtained insurance coverage and billed the following via invoices:

| Date | Invoice Number | Amount |
| --- | --- | --- |
| 7/27/2021 | 3805865 | $142,404.00 |
| 12/1/2021 | 3956659 | $87,636.02 |
| 12/13/2021 | 3819394 | $75,928.00 |
| 12/14/2021 | 3969370 | $113,358.00 |
| 12/14/2021 | 3969425 | $878.00 |

| 12/16/2021 | 3972933 | $163,802.00 |
| 3/10/2022 | 4080641 | $6,649.00 |
| 4/12/22 | 4119109 | $2,171.00 |
| | TOTAL | $592,826.02 |

After all adjustments and return premiums, HUB owes USI $479,505.88.

11. USI made multiple formal written demands on HUB for payment of all sums due and owing under the Brokerage Agreement on April 14, 2022.

12. In response, HUB has declined to honor its obligation under the Brokerage Agreement to remit the premiums due. In fact, HUB represented that it transferred the policies to Kris Hamburger on or about November 1, 2021. In the same notification received in May 2022, HUB again declined to pay any portion of the net premiums described above or honor its guarantee obligation. And contrary to the express terms of Section 7(a)(1) in the Brokerage Agreement, HUB even wrongly contended that transfer of the book of business terminated the Brokerage Agreement.

5. **COUNT I – VERIFIED PETITION ON SWORN ACCOUNT**

13. USI incorporates paragraphs 1 through 12 of this Original Petition as though fully set forth.

14. USI's claim is founded on a written contract, the Brokerage Agreement, and business dealings between the parties to this action as set forth above.

15. USI has maintained a systemic record of transactions relating to the Brokerage Agreement.

16.     USI's claim, supported by the declaration of Mike Nielsen attached hereto, is just and true and all just and lawful offsets, payments and credits have been allowed.

17.     USI is entitled to recover $479,505.88.

6.     **COUNT II – BREACH OF THE BROKERAGE AGREEMENT**

18.     USI incorporates paragraphs 1 through 17 of this Original Petition as though fully set forth.

19.     HUB breached the Brokerage Agreement by failing to timely pay to USI and by refusing to honor its guarantee of payment to USI of all premiums and due with respect to the policies of insurance and modifications to them referred to above, as the direct and proximate result of which USI has sustained damages in excess of the minimum jurisdictional limit of this Court.

7.     **COUNT III – CONVERSION**

20.     USI incorporates paragraphs 1 through 19 of this Original Petition as though fully set forth.

21.     The payments for premiums and policy modifications listed above were entirely owned by USI and were to be held separately and in trust for USI's benefit and prompt payment to USI.  HUB had no right to take any action with respect to these funds except to pay them to USI.

22.     By diverting the payments for premiums and policy modifications listed above to Hamburger in November 2021, HUB exercised dominion and control of USI's personal property to the exclusion of USI's rights, as the direct and

proximate USI has sustained damages in excess of the minimum jurisdictional limit of this Court.

8. **COUNT IV – ATTORNEY'S FEES**

23. USI has been compelled to retain counsel to vindicate its rights due to HUB's breach of the Brokerage Agreement.

24. USI presented the claim described in this Original Petition to HUB beginning on April 14, 2022. HUB has not paid any part of the claim to date.

25. USI has incurred and is continuing to incur attorney's fees to vindicate its rights in this matter and is entitled to recover those fees from HUB pursuant to Chapter 38, TEX. CIV. PRAC. & REM. CODE.

9. **JURY DEMAND**

26. Plaintiff demands trial by jury on all causes of action and has paid the jury fee.

10. **RULE 193.7 NOTIFICATION**

27. Defendant is hereby notified pursuant to Rule 193.7, TEX. R. CIV. P., that its production of a document in response to written discovery authenticates that document for use against Defendant in any pre-trial proceedings or trial unless within ten days or such other time as may be ordered by the Court, Defendant objects to the authenticity of all or part of a document stating the specific basis for objection.

WHEREFORE, USI prays for judgment in its favor and against Defendant for damage in excess of the minimum jurisdictional limit of this Court, for pre- and

post-judgment interest, attorney's fees and all other relief to which it may be entitled.

        Respectfully submitted,

        */s/ Thomas B. Alleman*
        Thomas B. Alleman
        State Bar No. 01017485
        DYKEMA GOSSETT PLLC
        1717 Main, Suite 4200
        Dallas, Texas 75201
        214 698 7830 phone
        855 216 6218 fax
        talleman@dykema.com

        ATTORNEYS FOR PLAINTIFF

## VERIFICATION

My name is Mike Nielsen, my date of birth is June 10, 1968, and my address is 14241 Dallas Parkway, Suite 700, Dallas, Texas 75254, USA. I declare under penalty of perjury that the statements contained in this Verified Original Petition true and correct.

Executed in Dallas County, State of Texas, on the 15th day of August, 2022.

_____
Declarant

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lina Bryant on behalf of Thomas Alleman
Bar No. 1017485
LBryant@dykema.com
Envelope ID: 67341174
Status as of 8/23/2022 7:47 AM CST
Associated Case Party: USI SOUTHWEST INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Marilyn Guichard | | mguichard@dykema.com | 8/16/2022 1:34:25 PM | SENT |
| Thomas B.Alleman | | talleman@dykema.com | 8/16/2022 1:34:25 PM | SENT |
| Lina Bryant | | lbryant@dykema.com | 8/16/2022 1:34:25 PM | SENT |

FORM NO. 353-3 - CITATION  
THE STATE OF TEXAS

ESERVE  
# CITATION

To: HUB INTERNATIONAL INSURANCE SERVICES, INC.  
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE CORP  
DBA CSC-LAWYERS INC  
211 EAST 7TH ST STE 620  
AUSTIN TX  78701

No.: **DC-22-10234**

GREETINGS:  
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL PETITION**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **USI SOUTHWEST INC.**

Filed in said Court **16th day of August, 2022** against

**HUB INTERNATIONAL INSURANCE SERVICES, INC.**

For Suit, said suit being numbered **DC-22-10234,** the nature of which demand is as follows:  
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.  
Given under my hand and the Seal of said Court at office **on this the 30th day of August, 2022**

ATTEST: FELICIA PITRE,  
Clerk of the District Courts of Dallas County, Texas

By _Medelin Navarrete_, Deputy  
**MEDELIN NAVARRETE**

<u>USI SOUTHWEST INC.</u>  
<u>vs.</u>  
<u>HUB INTERNATIONAL INSURANCE SERVICES, INC.</u>

**ISSUED**  
**on this the 30th day of August, 2022**

**FELICIA PITRE**  
**Clerk District Courts,**  
**Dallas County, Texas**

By: **MEDELIN NAVARRETE**, Deputy

Attorney for Plaintiff  
**THOMAS B ALLEMAN**  
COMERICA BANK TOWER  
1717 MAIN STREET  
SUITE 4200  
DALLAS TX 75201  
214-698-7830  
talleman@dykema.com  
**DALLAS COUNTY**  
**SERVICE FEES**  
**NOT PAID**



EXHIBIT  
C-2

# OFFICER'S RETURN

Cause No. DC-22-10234

Court No.: 193rd District Court

Style: USI SOUTHWEST INC.
 vs.
HUB INTERNATIONAL INSURANCE SERVICES, INC.

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____.M. on the _____ day of_____, 20_____, by delivering to the within named _____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

        For serving Citation   $_____   _____
        For mileage        $_____   of_____ County, _____
        For Notary        $_____   By_____ Deputy
                (Must be verified if served outside the State of Texas.)

   Signed and sworn to by the said_____ before me this_____ day of _____,
        20_____, to certify which witness my hand and seal of office.

                                              _____
                                              Notary Public_____ County_____

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

**CAUSE NO. DC-22-10234**

USI SOUTHWEST INC.

vs.

HUB INTERNATIONAL INSURANCE SERVICES, INC.

193rd District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: PLAINTIFF

FEE PAID: $10

EXHIBIT
C-3

FILED
9/2/2022 3:39 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

## AFFIDAVIT OF SERVICE

State of Texas        County of Dallas        193rd Judicial District Court

Case Number: DC-22-10234

Plaintiff:
**USI SOUTHWEST INC.**

vs.

Defendant:
**HUB INTERNATIONAL INSURANCE SERVICES, INC.**

Received these papers on the 31st day of August, 2022 at 9:30 am to be served on **HUB INTERNATIONAL INSURANCE SERVICES, INC.** care of its Registered Agent, **CORPORATION SERVICE COMPANY d/b/a CSC – LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701.**

I, Vivian Smith, being duly sworn, depose and say that on the **31st day of August, 2022 at 10:35 am**, I:

hand-delivered a true copy of this **Citation together with Plaintiff's Verified Original Petition**, to **HUB INTERNATIONAL INSURANCE SERVICES, INC.** care of its Registered Agent, **CORPORATION SERVICE COMPANY d/b/a CSC – LAWYERS INCORPORATING SERVICE COMPANY** by and through its designated agent, **KANEISHA GROSS**, at the address of: **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701**, having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 31st day of August, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

Vivian Smith
PSC-12617, Exp. 5/31/2024

Our Job Serial Number: THP-2022004796
Ref: 2420425

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

**EXHIBIT C-4**

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

To: HUB INTERNATIONAL INSURANCE SERVICES, INC.
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE CORP
DBA CSC-LAWYERS INC
211 EAST 7TH ST STE 620
AUSTIN TX 78701

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL PETITION**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **USI SOUTHWEST INC.**

Filed in said Court 16th day of August, 2022 against

**HUB INTERNATIONAL INSURANCE SERVICES, INC.**

For Suit, said suit being numbered **DC-22-10234**, the nature of which demand is as follows: Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 30th day of August, 2022**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By , Deputy
**MEDELIN NAVARRETE**



**ESERVE**
# CITATION

No.: DC-22-10234

USI SOUTHWEST INC.
vs.
HUB INTERNATIONAL INSURANCE SERVICES, INC.

ISSUED
on this the 30th day of August, 2022

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: **MEDELIN NAVARRETE**, Deputy

Attorney for Plaintiff
**THOMAS B ALLEMAN**
COMERICA BANK TOWER
1717 MAIN STREET
SUITE 4200
DALLAS TX 75201
214-698-7830
talleman@dykema.com
DALLAS COUNTY
SERVICE FEES
NOT PAID

OFFICER'S FEES                     **OFFICER'S RETURN**

Cause No. DC-22-10234

Court No.: 193rd District Court

Style: USI SOUTHWEST INC.
vs.
HUB INTERNATIONAL INSURANCE SERVICES, INC.

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____.M. Executed at _____, within the County of _____ at _____ o'clock ____.M. on the _____ day of _____, 20_____, by _____ delivering _____ to _____ the _____ within _____ named

_____

_____

each; in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness my hand.

|            For serving Citation   $_____       _____
|            For mileage            $_____       of_____ County, _____
|            For Notary             $_____       By_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this _____ day of _____,
              20_____, to certify which witness my hand and seal of office.

                                                    _____
                                                    Notary Public_____ County_____

FILED
9/26/2022 8:58 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Scott Anders DEPUTY

CAUSE NO. DC-22-10234

| | | |
|---|---|---|
| USI SOUTHWEST, INC. | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | 193RD JUDICIAL DISTRICT |
| HUB INTERNATIONAL INSURANCE SERVICES, INC., | § § § § | Dallas County, Texas |
| Defendant. | § § | |

**DEFENDANT HUB INTERNATIONAL INSURANCE SERVICES, INC.'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant HUB International Insurance Services, Inc. ("Defendant"), and files this its Original Answer, and would respectfully show the Court as follows:

**I.**

**General Denial**

Defendant denies all and singular the allegations contained in Plaintiff's Verified Original Petition, demands strict proof thereof, and says that this is a matter for jury decision.

**II.**

**Additional Defenses**

1. Pleading further, if such be necessary, any damages that Plaintiff seeks to recover are subject to an offset from benefits received.

2. Pleading further, if such be necessary, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate, minimize, or avoid damages and losses.

EXHIBIT C-5

3. Pleading further, if such be necessary, Plaintiff's claims may be barred by supervening impossibility or impracticability.

4. Pleading further, if such be necessary, Plaintiff's claims may be barred in whole or in part by the one satisfaction rule.

5. Pleading further, if such be necessary, Plaintiff's damages, if any, in whole or in part, were caused by the negligence, breach of duty, or willful or wanton or fraudulent acts or omissions and/or wrongful conduct of parties, third persons and/or entities for whom Defendant is not responsible.

6. Pleading further, if such be necessary, Plaintiff's claims may be barred in whole or in part by the doctrines of estoppel, waiver, and/or ratification.

WHEREFORE, PREMISES CONSIDERED, Defendant HUB International Insurance Services, Inc. respectfully requests that Plaintiff take nothing and for such other and further relief to which it is justly entitled.

Respectfully submitted,

/s Greg K. Winslett
GREG K. WINSLETT
Texas Bar No. 21781900
JONATHAN A. LAUTIN
Texas Bar No. 24092669
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Fax)
gwinslett@qslwm.com
jlautin@qslwm.com

**ATTORNEYS FOR DEFENDANT HUB INTERNATIONAL INSURANCE SERVICES, INC.**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above and foregoing was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure on this 26th day of September, 2022.

                */s/ Jonathan A. Lautin*
                JONATHAN A. LAUTIN

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alisa Perkins on behalf of Greg Winslett
Bar No. 21781900
aperkins@qslwm.com
Envelope ID: 68590640
Status as of 9/26/2022 9:15 AM CST
Associated Case Party: USI SOUTHWEST INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Thomas B.Alleman | | talleman@dykema.com | 9/26/2022 8:58:46 AM | SENT |
| Lina Bryant | | lbryant@dykema.com | 9/26/2022 8:58:46 AM | SENT |
| Marilyn Guichard | | mguichard@dykema.com | 9/26/2022 8:58:46 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alisa Perkins on behalf of Greg Winslett
Bar No. 21781900
aperkins@qslwm.com
Envelope ID: 68590640
Status as of 9/26/2022 9:15 AM CST

Associated Case Party: HUB INTERNATIONAL INSURANCE SERVICES, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jonathan Lautin | | jlautin@qslwm.com | 9/26/2022 8:58:46 AM | SENT |
| Greg K.Winslett | | gwinslett@qslwm.com | 9/26/2022 8:58:46 AM | SENT |